IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTENNATECH, LLC<br><br>    Plaintiff,<br><br>v.<br><br>AMC Entertainment Holdings, Inc.<br><br>    Defendant. | C. A. No. 14-808 (GMS) |

**AMC ENTERTAINMENT HOLDINGS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Dated: September 15, 2014

FISH & RICHARDSON P.C
Jeremy D. Anderson (#4515)
janderson@fr.com
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Neil J. McNabnay
mcnabnay@fr.com
David B. Conrad
conrad@fr.com
Ricardo J. Bonilla
rbonilla@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

*Counsel For Defendant*
*AMC Entertainment Holdings, Inc.*

## **TABLE OF CONTENTS**

I. BACKGROUND ..................................................................................................1

II. APPLICABLE LAW ............................................................................................3

    A. Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim...................................3

    B. Fed. R. Civ. P. 12(e) – Vague or Ambiguous Pleadings ..........................4

III. ARGUMENT.......................................................................................................5

    A. Antennatech has failed to state a claim upon which relief can be granted because it has neither identified whether it is targeting products or services nor specified at least the general class of products or methods it accuses of infringement. ......................................5

    B. Alternatively, Antennatech should provide a more definite statement of the accused products or services in its complaint. ................6

IV. CONCLUSION....................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 3, 5, 7

*Eidos Comms, LLC v. Skype Techs. SA*,
  686 F. Supp. 2d 465 (D. Del. 2010) ........................................................................... 4, 5, 6

*Fifth Mkt., Inc. v. CME Grp, Inc.*,
  No. 08-520, 2009 WL 5966836 (D. Del. May 14, 2009) ........................................... 4, 5, 6

*Lincoln Labs., Inc. v. Savage Labs., Inc.*,
  26 F.R.D 141 (D. Del. 1960) ............................................................................................ 4

*Prism Technologies, LLC v. AT&T Mobility, LLC*,
  No. 8:12-cv-122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ......................................... 6

*St. Clair Intellectual Prop. Consultants v. Apple Inc.*,
  No. 10-00982, 2011 WL 4571812 (D. Del. Sept. 30, 2011) ............................................. 4

*Twombly. K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ..................................................................................... 4, 7

**Statutes**

35 U.S.C. § 271(a) .................................................................................................................. 2

**Other Authorities**

Fed. R. Civ. P. 8 ........................................................................................................... 3, 4, 5, 7

Fed. R. Civ. P. 12 ........................................................................................................ 1, 3, 4, 5

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), Defendant AMC Entertainment Holdings, Inc. respectfully moves to dismiss Antennatech, LLC's complaint for failure to state a claim, or, alternatively, to require a more definite statement. Antennatech's Complaint fails to provide at least a short and plain statement sufficient to give AMC fair notice of Antennatech's claims of infringement. The law requires a plaintiff bringing a patent infringement action to identify at least the categories of products or specific services the plaintiff alleges infringe the asserted claims; Antennatech has done neither. Instead, the Complaint simply identifies unspecified "products or services" that vaguely meet the requirements of the asserted claims as infringing. AMC—as an owner of movie theaters—does not manufacture, produce, or sell anything with the communications technology at issue, so the general allegations in the Complaint do not provide AMC with fair notice of the claims against it. Respectfully, AMC request that the Court grant this motion and dismiss Antennatech's claims. Alternatively, the Court should require Antennatech to provide a more definite statement in its Complaint by, at a minimum, identifying specific products or services that it alleges infringe.

## I. BACKGROUND

AMC is one of the world's premiere entertainment companies, welcoming approximately 200 million guests a year through the doors of its more than 300 locations. *See About AMC*, AMC, https://www.amctheatres.com/corporate (last visited Sept. 15, 2014). AMC and its theaters employ a wide variety of technological products, systems, and services to support its myriad theaters, organizations, and ventures. These products, systems, and services aid the operation of AMC and its theaters in many ways, including maintenance of its websites, improvement of customer experiences online and in theaters, and streamlining of AMC vast infrastructure.

Antennatech purports to own U.S. Patent No. 8,112,131 ("the '131 Patent"), entitled "Radiative Focal Area Antenna Transmission Coupling Arrangement." (D.I. at ¶¶ 7-8.) On June 24, 2014, Antennatech filed its Complaint against AMC, alleging infringement of the '131 Patent. (*See id.*) Antennatech's entire basis for infringement is contained in Paragraph 10 of its Complaint:

> Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '131 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, products or services that, among other features, facilitate near-field communication ("NFC") with a communication device that has a radiative antenna configured for NFC communication.

(*Id.* ¶ 10.) Antennatech thus accuses AMC of infringement because its "products or services that, among other features, facilitate [NFC] with a communication device that has a radiative antenna configured for NFC communication." *Id.*

The language Antennatech uses to purportedly identify AMC accused products and services vaguely paraphrases the language of Claim 1 of the '131 Patent:

> *A mobile system arranged to facilitate communication between at least one of any of a wide variety of personal communication devices* such as a wide variety of manufacturers' cellular phones, a laptop computer, a facsimile machine and a ground position indicator being utilized within a focal zone, any of which personal communication devices have a radiative antenna, and wherein the system is arranged to permit wireless, controlled communication between any such wide variety of personal communication devices utilized within the zone and other communication devices outside of the zone, the system comprising:
> at least one first antenna arranged for use within the zone, the *at least one first antenna arranged to communicate wirelessly with the radiative antennae of any of such wide variety of different wireless personal communications devices being communicatively utilized within the zone*;
> at least one signal transmission link arranged to communicate outside of the Zone With other communication devices located outside of the zone;
> and a monitor, amplification and control computer arranged in the signal transmission link between the least one first antenna within the zone and the at least one signal transmission line arranged to communicate with communication devices outside of the zone, wherein the monitor, amplification and control computer is arranged to monitor, affect amplification and control Wireless signals sent by or received by any of a wide variety of different manufacturers wireless

2

> personal communication devices being utilized wirelessly within the zone and through the signal transmission line.

'131 Patent, c. 6 l. 9-39 (emphasis added). Antennatech's purported identification of the products or services alleged to infringe consists simply of referring "products or services" that it contends would generally meet the asserted claim limitations. It does not identify whether Antennatech is targeting products or whether it is targeting services. Nor does it specify a general class of products or services alleged to infringe the '131 Patent. The Complaint mentions "NFC," but NFC is merely noted as a technological "feature" of whatever class of products or services Antennatech had in mind when it filed its Complaint.

## II.  APPLICABLE LAW

### A.  Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 8 requires a plaintiff "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To provide such notice "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* If a plaintiff fails to provide the requisite notice, a court may dismiss the complaint for failure to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

When a plaintiff asserts claims for patent infringement, the Federal Circuit has held that conformity with Form 18 of the Federal Rules meets the minimal pleading standards of *Twombly*. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). Nonetheless, "[t]he adequacy of the facts pled depends on the breadth and complexity of both the asserted patent and the accused product or system and on the nature of the

3

defendant's business activities." *Id.* at 1286.  Importantly, "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." *Id.* at 1284.  Therefore, to satisfy Rule 8, a plaintiff's complaint for patent infringement must "allege, in general terms, an infringing product." *Fifth Mkt., Inc. v. CME Grp, Inc.*, No. 08-520, 2009 WL 5966836, *1 (D. Del. May 14, 2009).  At minimum, a plaintiff is "obligated to specify . . . a general class of products or a general identification of the alleged infringing methods." *Eidos Comms, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010).  Merely identifying "large technology areas [rather than] genres of products" will not suffice under Rule 8. *Id.* at 468.

### B.     Fed. R. Civ. P. 12(e) – Vague or Ambiguous Pleadings

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) has been interpreted to make relief available where a pleading is unintelligible . . . or the issues cannot be determined." *St. Clair Intellectual Prop. Consultants v. Apple Inc.*, No. 10-00982, 2011 WL 4571812, at *2 (D. Del. Sept. 30, 2011) (citations omitted). Proper requests under Rule 12(e) occur when a defendant is "required to guess" the infringement allegations. *Lincoln Labs., Inc. v. Savage Labs., Inc.*, 26 F.R.D 141, 143 (D. Del. 1960) (granting Rule 12(e) motion where defendant sought identification of the specific trademarks it was accused of infringing).

4

### III. ARGUMENT

**A. Antennatech has failed to state a claim upon which relief can be granted because it has neither identified whether it is targeting products or services nor specified at least the general class of products or methods it accuses of infringement.**

As this Court has made clear in the past, Antennatech, as a plaintiff alleging patent infringement, "must allege, in general terms, an infringing product." *Fifth Mkt.*, 2009 WL 5966836, at *1. A patentee does not meet the pleading standards of *Twombly* and Form 18 where its complaint fails to "contain any reference to a single infringing product or method." *Id.* A patentee is thus "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467. Accusing a general area of technology in the context of the asserted claims' language will not suffice under Rule 8. *See id.*

Antennatech's Complaint does not contain "a short and plain statement of the claim showing [it] is entitled to relief, in order to give [AMC] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Rather, Antennatech merely identifies a general technology area—"products or services that . . . facilitate" NFC—in terms related to the asserted patent's claims. Antennatech's Complaint thus mirrors the complaint in *Eidos*, where this Court granted the defendants' Rule 12(b)(6) motion for failure to state a claim. *Eidos*, 686 F. Supp. 2d at 467. In *Eidos*, the plaintiffs identified the accused products as "communication system products and/or methodologies that infringe one or more claims." *Id.* at 466. The Court granted the defendants' motion because this insufficient identification merely noted a general area of technology (i.e., "communication system products and/or methodologies") tied to the asserted claims (i.e., "that infringe one or more claims").

5

Similarly, here, Antennatech has identified a general area of technology (i.e., "products or services that . . . facilitate near-field communications") tied to the asserted claims (i.e., "with a communication device that has a radiative antenna configured for NFC communication"). Just as in *Eidos*, Antennatech's Complaint does not "settl[e] conclusively on whether [it is] targeting either a product or a method." *Id.* at 467. Antennatech also "does not provide a general product category even analogous to 'electric motors,'" as included in Form 18. *Id.* at 467. Nor has Antennatech "specif[ied] . . . a general class of products or a general identification of the alleged infringing methods." *Id.*

Antennatech's Complaint is also similar to the complaint in *Prism Technologies, LLC v. AT&T Mobility, LLC*, No. 8:12-cv-122, 2012 WL 3867971, at *2-3 (D. Neb. Sept. 6, 2012), where the court granted the defendant's motion to dismiss because the plaintiff identified only "wireless products and data services" as the accused products and services. The court held the term "wireless products" was too generic a term for the defendant to have notice of what was being accused of infringement. *See id.* Antennatech's identification of "products or services that . . . facilitate near-field communications" is similarly generic, as it could potentially apply to a whole host of products or services that support AMC's business. Antennatech's Complaint would be distinguishable from these cases had it specified a single accused product or category of products, rather than the large swath that is the technological field of NFC products or services. Antennatech did not do so, however, and the Court should therefore grant this motion. *See Fifth Mkt.*, 2009 WL 5966836, at *1.

      **B.**    **Alternatively, Antennatech should provide a more definite statement of the accused products or services in its complaint.**

AMC is entitled to a clear statement on what conduct, products, or services Antennatech accuses of infringement. To the extent the Court disagrees that Antennatech's Complaint should

6

be dismissed, the Court should, at minimum, require Antennatech to amend its Complaint to provide such a statement.

All the jurisprudence on the sufficiency of pleadings is concerned with one matter: fair notice to defendants of their actions that have led to the plaintiff's accusations. *See Twombly*, 550 U.S. at 555 (holding a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *K-Tech*, 714 F.3d at 1284 ("Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement."). Antennatech's Complaint gives AMC no certain idea as to any products or services that stand accused of infringement. AMC is in the entertainment business. It does not manufacture, produce, or sell NFC-related products or services, and thus needs more specific information in order to identify whatever third-party products or services that Antennatech alleges infringe. The asserted patent does not even mention "NFC" or "near field communication," and thus provides no further help in this regard.

The vagueness of Antennatech's Complaint therefore leaves AMC not only unable to respond to the accusations, but also forced to guess at where to begin gathering the information necessary for its defense. Without a more definite statement of what Antennatech accuses of infringement, AMC cannot properly prepare or put forth its defenses. Therefore, the Court should, at minimum, require Antennatech to amend its Complaint to provide a more definite statement regarding the products or services it accuses of infringement.

### IV. CONCLUSION

For the foregoing reasons, AMC respectfully requests the Court dismiss Antennatech's claims for failure to state a claim upon which relief can be granted. Alternatively, the Court should require Antennatech to amend its Complaint to provide a more definite statement identifying the products or services Antennatech accuses of infringement.

Dated: September 15, 2014	FISH & RICHARDSON P.C.

By:	*/s/ Jeremy D. Anderson*
Jeremy D. Anderson (#4515)
janderson@fr.com
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Neil J. McNabnay
mcnabnay@fr.com
David B. Conrad
conrad@fr.com
Ricardo J. Bonilla
rbonilla@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

*Counsel For Defendant*
*AMC Entertainment Holdings, Inc.*

8